IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FLEXIBLE FUNDING, LLC,

    Plaintiff,

v.

IRON MOUNTAIN INFORMATION MANAGEMENT,

    Defendant.

No. C 05-02082 JSW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S IRON MOUNTAIN'S MOTION TO DISMISS AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR CHANGE OF VENUE**

## INTRODUCTION

This matter comes before the Court upon consideration of Defendant Iron Mountain Information Management's ("Iron Mountain") Motion to Dismiss Amended Complaint or, In the Alternative, Motion for Change of Venue.

Iron Mountain moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) on the grounds that Plaintiff Flexible Funding, LLC ("Flexible") filed this action in an improper forum and that Flexible's amended complaint fails to state a claim on which relief can be granted. In the alternative, Iron Mountain moves for a change of venue to the United States District Court for the District of Massachusetts.

Having considered the parties' pleadings and relevant legal authority, the Court finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY DENIES the motion to dismiss for failure to state a claim. The Court

GRANTS the motion to transfer.

## FACTUAL AND PROCEDURAL BACKGROUND

According to Flexible's Amended Complaint, on or about January 13, 2003, Flexible and L&L Temporaries, Inc. ("L&L") signed and executed an Accounts Receivable Financing Agreement (the "Agreement"), whereby Flexible obtained rights in L&L's accounts receivable. (Am. Compl., ¶ 5, Ex. A.) L&L granted Flexible a security interest in all of L&L's accounts, accounts receivable, contract rights, deposit accounts, bank accounts, and books, records, and computer programs relating to the accounts. (*Id.,* ¶ 5.) This security interest was perfected by a UCC-1 Financing Statement filed with the Secretary of State for the State of Massachusetts. (*Id.*) Flexible thereafter would advance L&L funds on invoices and received individual assignments from L&L on those invoices. (*Id.*, ¶¶ 5-8.)

L&L's accounts receivable for Iron Mountain were covered by the Agreement. (*Id.*, ¶ 10.) On March 21, 2003, October 22, 2003, and December 9, 2004, Flexible sent letters to Iron Mountain's accounts payable department. (*Id.*, Exs. B, C, D.) The first letter states that L&L "has contracted to Flexible ... to provide financing services," and directs that current outstanding and future invoices due should be mailed to L&L/Flexible at a post office box in California. (*Id.*, Ex. B.) The second two letters state that L&L has assigned its accounts receivable to Flexible and direct that payments on current outstanding invoices be mailed to the same post office box. (*Id.*, Exs. C, D.)

Flexible alleges that Iron Mountain paid certain invoices directly to L&L in contravention of the letters described above, which it contends are notices of assignment and which require Iron Mountain to remit all payments on the invoices subject to the assignments to Flexible.

On April 13, 2005, Flexible filed a complaint against Iron Mountain in the Superior Court of the State of California, County of San Francisco.

On May 11, 2005, Iron Mountain filed an interpleader action in the United States District Court for the District of Massachusetts, *Iron Mountain Management v. L&L Temporaries, Inc., et al.*, 05-10979 DPW.

2

On May 20, 2005, Iron Mountain filed a notice of removal on the basis of diversity jurisdiction, and Flexible's state court action was removed to this Court.

On July 25, 2005, in response to a motion to dismiss, Flexible filed its amended complaint. On August 23, 2005, Iron Mountain filed the instant motion to dismiss.

## ANALYSIS

### A.     Motion to Dismiss for Failure To State A Claim.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Taking the facts set forth in the Amended Complaint as true and construing them in the light most favorable to Flexible, the Court cannot find that there are no set of facts upon which relief can be granted. Flexible asserts it notified Iron Mountain that invoices had been assigned to it and that Iron Mountain disregarded those notices and paid L&L directly. To the extent there are questions about the legal sufficiency of the notices, those questions are best addressed by way of summary judgment. If Iron Mountain believes a more definite statement is required, it should so move. The Rule 12(b)(6) motion is DENIED.

**B.     Motion to Transfer Under Section 1404(a).**[1]

Iron Mountain also seeks to have the Court transfer this action to the District Court in Massachusetts where the interpleader action is pending. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.

A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *See Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). As the moving party, Iron Mountain bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires production of affidavits or declarations identifying key witnesses and anticipated testimony). If the balance of convenience weighs strongly in favor of transfer, the Court may accord less deference to a plaintiff's chosen forum. *Id.*

There is no dispute that Flexible could have sued Iron Mountain in the United States District Court for the District of Massachusetts. Accordingly, the Court weighs the relevant competing factors to determine which forum is appropriate under the circumstances.

**1.     Plaintiff's Choice of Forum.**

The deference accorded to the Plaintiffs' chosen forum should be balanced against both the extent of a defendants' contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *See Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of

---

[1] In light of the Court's ruling on the motion to transfer, it does not reach the question of whether this action was filed in an improper venue.

4

original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.*

Here, Flexible is a California company. Iron Mountain is a Delaware corporation and it does not dispute that it does business within California. The invoices and notices at issue in this litigation, however, were issued to Iron Mountain's office in Boston, Massachusetts. (*See* Am. Compl., Exs. B-D.) The central dispute in *this* case aries from Flexible's allegations that Iron Mountain failed to abide by its obligations to remit payments on those invoices to Flexible in California. If the Court focuses on that fact alone, the operative facts of the complaint did occur within the forum. However, Flexible's right to those payments derives from its Agreement with L&L, a Massachusetts company, and in turn from L&L's agreement with Iron Mountain for services provided in Massachusetts. Further, Flexible's security interest in L&L's accounts receivable was perfected by a UCC filing in Massachusetts. Iron Mountain's contract with L&L provides that payments are to be made to L&L at a California, which comports with the terms of Flexible's contract with L&L. (*See* Am. Compl., Ex. A, § 5; Declaration of Steve Pescia, Ex. A, § 4.)

On balance, the Court concludes that the central facts in *this* dispute arise from alleged failure to remit payments allegedly due to Flexible in California, and because Flexible is a forum resident, its choice of forum is entitled to more than minimal deference. This conclusion does not end the Court's inquiry.

### 2. Convenience of the Witnesses and Parties.

In addition to considering the Plaintiffs' choice of forum, the Court will consider the relative convenience to all the parties involved in the lawsuit of the competing fora when deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508. Iron Mountain contends that Massachusetts is a more convenient forum because the majority of the non-party and party witnesses reside there.

The convenience of witnesses is often the most important factor in determining a motion to transfer. The trial court looks to who the witnesses are, where they are located, and the relevance of their testimony. *See A.J. Industries, Inc. v. United States District Court*, 503 F.3d

384, 389 (9th Cir. 1974). Iron Mountain provides a declaration setting forth witnesses who live in or near Massachusetts, which include witnesses who generated the invoices at issue, the Iron Mountain representative who approved them, and non-party witnesses who delivered the notices of assignment. (*See* Declaration of Steven Pescia ("Pescia Decl."), ¶ 5.)

As is evidenced by the letters attached to the Amended Complaint, Flexible sent the alleged notices of assignment to Iron Mountain's accounts payable department in Massachusetts. (Am. Compl., Exs. B-D.) Although there are no invoices before the Court, it is not seriously disputed that the invoices were generated by L&L in Massachusetts and sent to Iron Mountain there. Nor has Flexible persuasively countered Iron Mountain's assertion that the majority of the witnesses would be located in Massachusetts. (*See* Opp. Br. at 6.) Furthermore, the record in this case demonstrates that Flexible has retained counsel in Massachusetts and is involved in that litigation in Massachusetts, which undermines its claim that a transfer to that forum would be seriously inconvenient for it as a party.

The Court finds the convenience of the witnesses and parties factor weighs in favor of transfer.

### 3. Familiarity of the Forum With the Applicable Law.

Iron Mountain contends that the resolution of this dispute primarily will be governed by Massachusetts law, because Flexible's security interest with L&L was perfected by a UCC filing in that state. Iron Mountain also states that its agreement with L&L is governed by Massachusetts law. Notwithstanding these facts, Iron Mountain asserts that the alleged notices of assignment are invalid under California law. Further, Flexible's agreement with L&L is governed by California law. Because neither party has definitively demonstrated that a particular forum's law should govern or that one forum would be more familiar with the law involved, the Court finds this factor to be neutral.

### 4. Ease of Access to Evidence.

Access to sources of proof is another factor that favors transfer. *Gulf Oil*, 330 U.S. at 508. As noted above, it is not disputed that the invoices in dispute are likely located in Massachusetts. Iron Mountain also has submitted a declaration which shows that documentary

6

evidence relating to L&L's bank records also are located in Massachusetts. (Declaration of Brendan Macaulay, Ex. B.) Flexible's records are located in San Francisco, and the post office box to which invoices were to be submitted is located in Suisun City, California. (Declaration of Steven Capper, ¶ 3; Am. Compl., Exs. A-D.) However, the Court concludes that Iron Mountain has met its burden to show that the majority of the documentary evidence pertinent to this dispute is located in Massachusetts. This factor also weighs in favor of transfer.

### 5. Relative Congestion

Another factor courts consider is the relative court congestion in each forum. According to available statistics, the Northern District's docket has a heavier case load than the District of Massachusetts. Moreover, it appears from the record that the parties to that action are actively engaged in resolving the matter in such a way as to resolve this dispute as well. Thus, it appears that transfer will lead to faster adjudication of the action.

### 6. The Scope of the Pending Massachusetts Action

The list of factors set forth above in evaluating transfer is not exhaustive, and the Court has also considered the scope of the Massachusetts action currently pending. While mindful of the fact Flexible's state court action was filed before the interpleader action was filed in Massachusetts, the "'first-to-file' rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view of the dictates of sound judicial administration." *See Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (noting when two courts of concurrent jurisdiction have identical actions pending, court that first acquired jurisdiction normally should try case).

The interpleader action includes L&L and a claim by the IRS to the monies in dispute. Further, Iron Mountain asserts that involves many, if not all, of the same invoices at issue in this action. As such, it seems to the Court that a transfer would serve the interests in judicial economy and efficiency by permitting all of the claims between all of the various parties to be resolved in one forum.

7

Because the majority of factors weigh in favor of transfer, the Court finds that Iron Mountain has met the burden of demonstrating that the action should be transferred and GRANTS the motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES Flexible's motion to dismiss for failure to state a claim and GRANTS Defendants' motion to transfer to the United States District Court for the District of Massachusetts. The Clerk is directed to transfer this case, forthwith.

**IT IS SO ORDERED.**

Dated: September 30, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE